IN THE UNTED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF NEW YORK

ANN MOLINA,

Plaintiff,

-against-

COUNTY OF ORANGE

Defendant.

CIVIL ACTION

No. 13CV3018

Assigned to:
Hon. Edgardo Ramos

**SUPPLEMENTAL SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**

# TABLE OF CONTENTS

I. Introduction .......... 1

A. Districts 16 and 17 .......... 2

B. Town and Village of Woodbury .......... 2

II. Recommendations for New Legislative Districts 16 and 17 .......... 3

III. New Footnote Number 5 .......... 5

IV. Conclusion .......... 6

# INDEX TO APPENDICES


TAB 19 NEW MAP of Proposed 2013 Legislative Districts
(changes in Districts 16 and 17 only)

TAB 19A Population and Demographic Data for Proposed 2013 Legislative Districts
(changes in Districts 16 and 17 only)

TAB 20 Map of Proposed 2013 Legislative Districts
(Greater Newburgh Area)

# I. INTRODUCTION

Judge Edgardo Ramos of the United States District Court for the Southern District of New York held a hearing in this matter on June 12, 2013. Present at the hearing were Michael Sussman, Esq., Counsel for the Plaintiff, Benjamin Ostrer, Esq. representing the County of Orange (County) and the Special Master with representatives from the Orange County Planning Department (Planning Department). The Court heard from Counsel and the Special Master and five members of the public, Ralph Caruso from Highland Mills, Town and Village of Woodbury, Dennis Lynch, counsel to the Town of Woodbury, Sonia Ayala, from Monroe, Ernesto Tirado from Newburgh and Patricia O'Dwyer from Chester, all in Orange County. Ayala, Tirado and O'Dwyer spoke on behalf of the proposed redistricting plan, while Caruso and Lynch raised concerns about the Town and Village of Woodbury.

Mr. Sussman and Mr. Ostrer advocated a slight modification that would allow two incumbent County Legislators, Benton and Anagnostakis to continue to represent their respective Legislative Districts 16 and 17 if re-elected in the 2013 election avoiding a possible contest between them. The Special Master supported Counsel's position but noted that the proposed populations for the two districts represented an increase in the variance from the target population of 17,680, but that these proposed populations were within the acceptable plus or minor 5% margin of variance established in drawing the new legislative district lines and consistent with the goal of population equality. She stated that it had no impact on the carefully drawn lines of Districts 4 and 6 which would result in two majority-minority districts for the City of Newburgh, and did not violate either the one person-one vote rule or the Voting Rights Act.

**A. <u>Districts 16 and 17</u>**

As stated in the Special Master's Report of June 3, 2013, the Supreme Court of the United States recognizes that particular state policies that justify minor deviations from absolute population equality may include "making districts compact, respecting municipal boundaries, preserving the cores of prior districts, and avoiding contests between incumbent Representatives." *Karcher v. Daggett*, 462 U.S. 725, 740 (1983). See also *Abrams v. Johnson*, 521 U.S. 74, 84 (1997). The Special Master in her report of June 3 subordinated the incumbency principle and followed the lead of Magistrate Judge Roanne L. Mann who when creating a plan redrawing New York State's Congressional Districts last year, did not consider incumbency nor partisan political interests. See *Favors v. Cuomo*, 11-cv-5632, 2012 WL 928216 (E.D.N.Y. 2012) citing Robert P. Patterson, Jr., Master's Report in *Flateau v. Anderson*, 82-cv-0876 (S.D.N.Y. 1982). The Special Master in the instant case strove to use neutral principles avoiding purely political considerations and did not look to preserve incumbency or any particular party dominance.

However, the avoidance of a contest between incumbent representatives is a valid policy that may justify the increased deviation from the target population number here, and the Special Master supports the recommended modification as it has no effect on the constitutionality or legality of the proposed plan which remains faithful to the one person/one vote rule and complies with the mandates of the Voting Rights Act.

**B. <u>Town and Village of Woodbury</u>**

Both Mr. Caruso and Mr. Lynch advocated that the Town and Village of Woodbury should not lie within three legislative districts and pointed out an error in the Special Master's

footnote number 5, which the Special Master will certainly correct. They advocated for the inclusion of Woodbury's 10 election districts in a single Legislative District, separate from the Village of Kiryas Joel.

It should be noted that the Town and Village of Woodbury are largely co-terminous and currently -- pursuant to the 2005 map -- lie within three legislative districts. District 1 (which encompasses much of the Village of Kiryas Joel), and districts 12 and 14. The proposed re-districting indeed again divides Woodbury into three legislative districts, but does not as Mr. Caruso contends disenfranchise the residents of the Town and Village of Woodbury, by not affording them equal representation in Orange County government. In fact, the reverse appears to be true as they are a Town/Village with three county legislators. That they may prefer to separate themselves from the Village of Kiryas Joel is not a sufficient reason for re-drawing the proposed district lines. Their arguments are best to be made to the County Legislature when re-districting is again considered.

## II. RECOMMENDATIONS FOR NEW LEGISLATIVE DISTRICTS 16 AND 17

What follows is an analysis of legislative districts 16 and 17 as they are currently constituted and the Special Master's new recommendations for re-districting. Following the TAB System of the June 3 report, a NEW MAP of proposed legislative districts is attached (TAB 19) with the Population and Demographic Data for the proposed 2013 Legislative Districts (TAB 19A).

**Legislative District 16**

The 2005 Legislative District 16 included the northern half of the Town of Newburgh, in addition to several election districts along the western edge of the City of Newburgh/Town of Newburgh boundary and one election district within the Town of Montgomery. The 2010 adjusted population of this area is 17,319, 2.04% lower than the target population.

The proposed configuration of Legislative District 16 includes the northern half of the Town of Newburgh, from the County boundary south to the hamlet of Balmville in the eastern part of the district, including the Orange Lake area, and the area of the Town of Montgomery north of the Village of Walden between the Newburgh/Montgomery town line and Route 208. This configuration preserves incumbency for the existing legislators in Legislative Districts 16 and 17. The 2010 adjusted population of proposed Legislative District 16 is 17,135, 3.08% lower than the target population.

Proposed Legislative District 16 is comprised of the following election districts: Montgomery 10, Town of Newburgh 8, 12, 13, 14, 15, 16, 17, 18, 19, 21, 24, 25.

**Legislative District 17**

The 2005 Legislative District 17 contained the southwestern quadrant of the Town of Newburgh as well as most of the eastern half of the Town of Montgomery, including the Village of Maybrook within the Town of Montgomery. The 2010 adjusted population of this area is 16,537, 6.46% lower than the target population.

The proposed configuration of Legislative District 17 includes the Village of Walden; the eastern half of the Town of Montgomery between the Village of Walden, the Village of Maybrook and the Newburgh/Montgomery town line; and portions of western area of the Town

of Newburgh, including Meadow Hill and Winona Lake. This configuration preserves incumbency for the existing legislators in Legislative Districts 16 and 17. The 2010 adjusted population of proposed Legislative District 17 is 18,234, 3.13% higher than the target population.

Proposed Legislative District 17 is comprised of the following election districts: Montgomery 4, 5, 6, 7, 8, 9, 14, 17, Town of Newburgh 7, 9, 10, 11, 20, 22, 23, 26. See Tab 20: a proposed Map for the Greater Newburgh Area (showing Districts 4, 6, 16 and 17).

## III. NEW FOOTNOTE NUMBER 5

Recognizing that the existing footnote 5 is misleading, the Special Master submits the following revision:

Footnote 5 at page 15 of the June 3, 2013 Special Master's Report should read as follows:

> "For redistricting purposes the communities of interest should include the cities, incorporated villages (except the Cities of Middletown and Newburgh and the Village of Kiryas Joel, which are too large in population to be included in a single district), and identified hamlets, but do not include towns. For purposes of redistricting, we have treated the Town and Village of Woodbury as a town, as the village boundaries are co-terminus with the town boundaries excluding the Village of Harriman; in order to accommodate the 21 legislative districts mandated by our charter, several towns have had to be divided into multiple districts, regardless of their population. Many towns in Orange County have too much land area and population to be included in one legislative district. Where possible, the number of districts in each town, have been minimized, and towns have been divided along natural or logical lines (for instance, taking into account school district and postal district boundaries). The Villages of Chester, Florida, Harriman and Maybrook all contain land area in more than one town; the Village of Harriman is the only one of these villages with significant population in more than one town. Although it is possible to keep the Village of Harriman in one proposed Legislative District, the Villages of Chester, Florida and Maybrook are all split along the Town boundaries."

## IV. CONCLUSION

For the reasons detailed above, and in the accompanying exhibits, it is the recommendation of the Special Master that the Court adopt the recommended plan (as revised in this supplemental report) as the Legislative redistricting plan for the County of Orange for use in the November, 2013 legislative election. Again, I want to acknowledge the good work of the Planning Department in expediting the production of this Plan.

Respectfully submitted,

Carmen Beauchamp Ciparick
Special Master

Dated: June 13, 2013

Copies provided to:
Henry M. Greenberg, Esq.
Michael H. Sussman, Esq.
Benjamin Ostrer, Esq.
Commissioner David Church